IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 21 C 3649 |
| | ) | |
| Reginald Taylor, | ) | |
| | ) | |
| Defendant. | ) | |

Memorandum Opinion & Order

On November 7, 2019, following his guilty plea, I sentenced defendant Reginald Taylor to two concurrent 180-month prison terms—one for his conviction under 18 U.S.C. § 922(g), the penalty for which was enhanced pursuant to § 924(e) (the Armed Career Criminal Act, or "ACCA"), and one for his conviction under 18 U.S.C. § 1951. In a motion filed on July 8, 2021,[1] Taylor claims that his sentence should be vacated pursuant to 28 U.S.C. § 2255 because: (1) he had ineffective assistance of counsel at sentencing; and (2) recent Seventh Circuit case law invalidates

---

[1] Taylor filed a previous petition under 28 U.S.C. § 2255 on July 10, 2020, which he dismissed voluntarily. *See United States v. Taylor*, 20 C 4067, ECF 1, 11, 12 (N.D. Ill. July 10, 2020). Taylor's motion for voluntary dismissal requested leave to refile after November 7, 2020. *Id.* ECF 11. I denied that request on the ground that I did not have authority to extend his time to file beyond the one-year limitations period ending on November 8, 2020. *Id.* ECF 12.

one of the predicate offenses on which his ACCA enhancement rested.[2] For the following reasons, the motion is denied.

I.

Relief under § 2255 "is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). It is warranted "only for 'an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice.'" *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal quotation omitted)). Although the statute entitles a defendant to an evidentiary hearing if he "alleges facts that, if proven, would entitle him to relief," *Kafo v. United States*, 467 F.3d 1063, 1067 (7th Cir. 2006) (citation omitted), an evidentiary hearing is not required if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," *Almonacid*, 476 F.3d at 521 (quoting *Bruce v. United States*, 256 F.3d 592, 597 (internal citation omitted)). As the Seventh Circuit has observed, the judge who presided over the defendant's

---

[2] In his reply, Taylor points out that the government filed its response late. However, this issue was resolved when I granted the government's motion for leave to file *instanter*. *See* ECF 22.

sentencing is "uniquely suited to determine if a hearing [is] necessary." *Rodriguez v. United States*, 286 F.3d 972, 987 (7th Cir.), *as amended on denial of reh'g and reh'g en banc* (7th Cir. 2002) (alteration in original) (citation and internal quotation marks omitted). Because the information before me is enough to establish that Taylor is not entitled to the relief he seeks, I deny the motion without a hearing.

## II.

The government argues at the outset that Taylor's motion should be dismissed as untimely. A motion under 28 U.S.C. § 2255 must be filed within the limitations period, which ends one year from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Taylor does not contend that his motion was filed within one year of the limitations periods defined in either §§ 2255(f)(1) or

(f)(4), but he argues that it is timely under the criteria of
§ 2255(f)(2) and § 2255(f)(3).[3] Additionally, Taylor contends that
he is entitled to equitable tolling of the statutory limitations
period because his successive institutional transfers and Covid-
19 lockdowns amounted to extraordinary circumstances beyond his
control that prevented him, despite his diligence, from filing it
within the that period. In connection with these arguments, Taylor
asserts that the government violated his constitutional right to
access "adequate law libraries or adequate assistance from persons
trained in the law" by transferring him without his legal materials
from institution to institution, several of which did not provide
meaningful access to a law library. ECF 4 at 1 (internal quotation
marks omitted) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)).
Taylor argues that the government's conduct qualifies as an
"impediment" for purposes of § 2255(f)(2), and that the
government's conduct together with Covid-19 lockdowns produced
extraordinary circumstances warranting equitable tolling.

The government responds that the circumstances Taylor
describes do not meet the § 2255(f)(2) criteria because the
"impediments" he identifies were not caused by any governmental
action in violation of the law. *See* ECF 19 at 10. Nor can Taylor

---

[3] Although Taylor does not cite § 2255(f)(3) explicitly, his
argument that *United States v. Glispie*, 978 F.3d 502 (7th Cir.
October 14, 2020), restarted his one-year filing clock presumably
rests on this subsection.

4

rely on the limitations period of § 2255(f)(3), the government continues, because the case he relies upon to trigger that subsection, *United States v. Glispie*, 978 F.3d 502 (7th Cir. October 14, 2020), is neither a Supreme Court case nor retroactive on collateral review. Finally, the government argues that the circumstances Taylor describes do not support equitable tolling.

Assuming the facts Taylor recounts in his motion are accurate, there may be merit to Taylor's arguments that § 2255(f)(2) supplies the applicable limitations period, or that the limitations period should be equitably tolled due to his inability to prepare a reasonably supported motion within the statutory period due to his successive transfers and Covid-19 lockdowns. *See Estremera v. United States*, 724 F.3d 773, 776 (7th Cir. 2013) ("[l]ack of library access can, in principle, be an 'impediment' to the filing of a collateral attack."); *Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2014) (prisoner's lack of access to his legal files and limited access to the prison library supported equitable tolling). Ultimately, however, I need not wrestle the timeliness issue to the ground because, as explained below, Taylor's motion fails on the merits. *See Estremera,* 724 F.3d. at 775 ("it is permissible to reject a [§ 2255] petition on the merits without resolving a limitations defense.").

5

III.

I begin with Taylor's claim of ineffective assistance of counsel, which is governed by the well-known, two-pronged standard of *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, defendant "must demonstrate: (1) 'that counsel's performance was deficient,' and (2) 'that the deficient performance prejudiced the defense.'" *Thompson v. Vanihel*, 998 F.3d 762, 767 (7th Cir. 2021) (quoting *Strickland*, 466 U.S. at 687). To satisfy the performance prong, Taylor must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. To show prejudice, he must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. This prong, too, is subject to a presumption against Taylor. *See United States v. Graf*, 827 F.3d 581, 584–85 (7th Cir. 2016) ("[c]ourts begin with the presumption that a defendant has not suffered prejudice.") (citation and internal quotation marks omitted). Because the failure to establish either prong is fatal to Taylor's *Strickland* claims, I need not address both prongs if I determine that either is not met. *See Thompson*, 998 F.3d at 767.

Taylor argues that his counsel was constitutionally ineffective for failing to advocate at sentencing for a 587-day credit to reflect his time spent in state custody prior to

6

sentencing. But only the Bureau of Prisons ("BOP") is authorized to calculate sentencing credits. *United States v. Walker*, 917 F.3d 989, 993 (7th Cir. 2019) ("the Attorney General, acting through the BOP, must compute the credit for time served under § 3585(b). ... Therefore, even if it had wanted to give Mr. Walker credit for the time in question, the district court could not have done so.") (citing *United States v. Wilson*, 503 U.S. 329, 334 (1992)); *United States v. Jones*, 34 F.3d 495, 499 (7th Cir. 1994) ("only the Attorney General of the United States, through the Bureau of Prisons, has authority to determine when to give a defendant credit against a sentence for time he has served."). Even setting aside that at the time of Taylor's sentencing, one of his counts of conviction carried a statutory minimum penalty of 180 months, having determined that an appropriate sentence on the remaining count was a below-Guidelines term of 180 months to be served concurrently with his mandatory term, I had no authority to credit his total sentence to account for his time in state custody. Accordingly, the omission for which Taylor faults his counsel would not have had any impact on his sentence.[4]

---

[4] Indeed, Taylor's counsel seems to have understood this aspect of the law. Taylor states that he asked his counsel if the court was "going to subtract the time he spent in the Cook County Jail to the date that he was taken into federal custody," and that his counsel correctly responded that "the district court doesn't handle that[;] the BOP will deal with the computation of the sentence." ECF 5 at 2 (internal quotation marks omitted).

It is true that district courts can and sometimes do make sentencing recommendations to the BOP, including recommendations concerning whether to credit a defendant's pre-sentencing custody in the computation of his sentence. *See Walker*, 917 F.3d at 990. And, indeed, had Taylor's counsel requested that I include in his sentence a recommendation that he be given credit for his lengthy pre-sentencing custody, I may have granted that request. Still, his counsel's omission of the request does not amount to ineffective assistance. For one thing, the federal statute governing the calculation of a term of imprisonment *requires* the BOP to credit defendant for his pre-sentencing custody. *See* 18 U.S.C.A. § 3585(b) ("[a] defendant *shall* be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences...")[5] (emphasis added); *Murphy v. Smith*, 138 S. Ct. 784, 787 (2018) ("the word 'shall' usually creates a mandate, not a liberty[.]"). At best, my recommendation would have amounted to a belt reinforcing

---

[5] To be clear, this requirement applies only to pre-sentencing custody imposed "(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." The government does not argue that the pre-sentencing custody for which Taylor seeks credit does not meet these criteria. The more salient point here, however, is that the statutory language does not suggest that the BOP has discretion to deny credit for pre-sentencing custody that meets the statutory requirements.

the suspenders of the statute's mandate. *Strickland* does not require attorneys to seek superfluous sentencing provisions.

For another, even if counsel's omission of a request concerning sentencing credit were considered an error, an attorney's performance must be evaluated "as a whole rather than focus on a single failing or oversight." *Ebert v. Gaetz*, 610 F.3d 404, 411 (7th Cir. 2010). Overall, Taylor's counsel achieved a very favorable sentencing outcome, as she argued successfully for the lowest term available to him under the law as it then stood, which represented a downward variance from his advisory range for his conviction on the § 1951 charge.

Finally, it is not clear from Taylor's submissions that the BOP did not, in fact, take his pre-sentencing custody into account when calculating his projected release date.[6] Absent contrary evidence, I assume that the BOP acted consistently with its statutory duty when computing Taylor's sentence. *See Strickland*, 466 U.S. at 695 ("[t]he assessment of prejudice should proceed on the assumption that the decisionmaker is reasonably, conscientiously, and impartially applying the standards that govern the decision"). As Taylor has not pointed to any error in

---

[6] According to the BOP's website, Taylor's projected release date is September 29, 2027. *See* https://www.bop.gov/inmateloc/ (last visited May 27, 2022).

the BOP's computation of his sentence, he has not shown any prejudice from the error he attributes to his counsel.

To the extent Taylor's real complaint is not about his attorney's efforts on his behalf, but rather about the BOP's computation of his sentence, a collateral attack under § 2255 is not the appropriate vehicle for his claim. Instead, he must invoke (and exhaust) the BOP's administrative procedures before seeking relief in federal court. *See Walker*, 917 F.3d at 994 (citing *Jake v. Herschberger*, 173 F.3d 1059, 1063 (7th Cir. 1999)). Once Taylor has "exhausted his administrative remedies, he may then challenge the BOP's determination by filing a petition under 28 U.S.C. § 2241 for habeas relief in the district where he is incarcerated." *Id.* (citing *United States v. Koller*, 956 F.2d 1408, 1417 (7th Cir. 1992)).

Taylor next argues that because the Seventh Circuit held in *United States v. Glispie*, 978 F.3d 502 (7th Cir. 2020), that a conviction under the Illinois residential burglary statute cannot serve as an ACCA predicate, and because without his convictions for that offense, he lacks the three qualifying offenses necessary to support an ACCA enhancement, he should be resentenced without the enhancement. The government's response raises three main arguments: (1) that *Glispie*, decided after Taylor's sentencing, is not retroactive on collateral review; (2) that Taylor's *Glispie* claim does not entitle him to relief under § 2255 in any event

10

because it is neither jurisdictional nor constitutional, nor does it expose a fundamental defect in his sentence that amounts to a miscarriage of justice; and (3) resentencing Taylor without the ACCA enhancement would not alter his term of custody, as he does not challenge the concurrent 180-month sentence he received on a separate count.

The government's first two arguments are dubious. At its core, Taylor's claim is grounded in *Mathis v. United States*, 579 U.S. 500 (2016), a statutory-interpretation case in which the Supreme Court clarified that the ACCA's general rule that "a defendant's crime of conviction can count as a predicate only if its elements match those of a generic offense" applies even when "one of the statute's specified means creates a match with the generic offense[.]" *Mathis*, 579 U.S. at 508, 507. The government has elsewhere conceded that *Mathis* is retroactive, *see Franklin v. Keyes*, 30 F.4th 634, 644 (7th Cir. 2022) (noting government's concession of *Mathis*'s retroactivity), and the Seventh Circuit has treated it as such, *see Chazen v. Marske*, 938 F.3d 851, 861 (7th Cir. 2019) ("we have suggested (without deciding) that *Mathis* is retroactive"); *Holt v. United States*, 843 F.3d 720, 722 (7th Cir. 2016) ("substantive decisions such as *Mathis* presumptively apply retroactively on collateral review")). The import of *Glispie* is that it eliminates any doubt that the specific statute under which

11

Taylor was convicted is an improper ACCA predicate in view of *Mathis*.

As for whether a § 2255 motion is the appropriate vehicle for Taylor's challenge to his ACCA enhancement, the Seventh Circuit observed in *Chazen* that "a defendant sentenced in error as an armed career criminal" has suffered a "miscarriage of justice," which is precisely the type of wrong § 2255 claims are intended to right. *Chazen*, 938 F.3d at 856 (citing *Light v. Caraway*, 761 F.3d 809, 813 (7th Cir. 2014) (interpreting "miscarriage of justice" requirement for invoking 18 U.S.C. § 2241)). Indeed, "[a]s a general rule, a federal prisoner wishing to collaterally attack his conviction or sentence must do so under § 2255 in the district of conviction." *Id*. *See also Dotson v. United States*, 949 F.3d 317, 318 (7th Cir. 2020) (adjudicating the merits of the appellant's § 2255 motion for resentencing on changes in "what qualifies as an ACCA predicate"); *Van Cannon v. United States*, 890 F.3d 656, 658-59 (7th Cir. 2018) (granting § 2255 motion for resentencing based on changes in applicable ACCA predicates).

The upshot of all of this is that: 1) there is merit to Taylor's argument that the fifteen-year enhanced sentence I imposed for his conviction under 18 U.S.C. § 922(g), although required by the law as it stood at the time of his sentencing, is unlawful in view of later developments in the Supreme Court's ACCA jurisprudence and the Seventh Circuit's holding in *Glispie*; and 2)

12

his claim is amenable to review on a § 2255 motion. Nevertheless, the concurrent, within-Guidelines sentence I imposed on Taylor's § 1951 conviction—which Taylor does not contest—stands inexorably in the way of the relief he seeks. Indeed, despite his request for resentencing, Taylor does not argue that if he were before me today, he should receive a sentence any lower than 180 months on his § 1951 conviction. Whether the issue is framed in terms of harmless error, *see Ruiz v. United States*, 990 F.3d 1025 (7th Cir. 2021), or as an application of the "concurrent-sentence doctrine," *see Ryan v. United States*, 688 F.3d 845, 849 (7th Cir. 2012), the practical outcome is the same: eliminating the ACCA enhancement I applied to Taylor's § 924(c) conviction makes no difference to the term of custody to which he is sentenced. Accordingly, he is not entitled to resentencing. *See United States v. Collazo-Santiago*, No. 12-CR-136-WMC, 2015 WL 3645677, at *3 (W.D. Wis. June 10, 2015) (§ 2255 motion for a reduction in sentence was "doomed at the outset by the concurrent-sentence doctrine," as the defendant remained subject to an identical sentence on a separate count).

IV.

For the foregoing reasons, Taylor's § 2255 motion is denied. In addition, I decline to issue a certificate of appealability under 28 U.S.C. § 2253(c)(2) because Taylor has not shown that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different

13

manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473 (2000)).

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: June 1, 2022

14